## BROBST *v.* THOMPSON.

In a proceeding to foreclose the equity of redemption to land held by tax title, a party holding the sheriff's certificate of purchase of the same land on execution sale, is sufficiently interested to appear as defendant.

Where the record does not show to the contrary, it will be presumed that the court acted in accordance with the Code.

If the bill of exceptions does not purport to give all the evidence in the case, it will be presumed that the decision was justified by the testimony before the court.

### *Appeal from Marion District Court.*

*Opinion by* GREENE, J. Joseph Brobst filed his petition in the district court against S. M. Thompson, to foreclose the equity of redemption, to certain land which he held by tax deed. Defendant's answer to the petition was demurred to, and the demurrer sustained. As defendant failed to amend or file a new answer, judgment was rendered against him by default, and thereupon Fish and Dunlap filed their motion for leave to come in and defend the suit, on the ground that they had purchased the land at sheriff's sale. Leave was granted, and they filed a demurrer and answer to the petition. The demurrer was overruled, and thereupon plaintiff's demurrer to the answer was sustained, and a new answer filed averring that no tax was legally levied upon the land in question. Upon this averment, issue was joined and the petition dismissed.

1. It is objected that Fish and Dunlap had no right to appear against the suit, for the reason, that they had only a sheriff's certificate of purchase, which was liable to be defeated by redemption. We think the court did not err

in granting them leave to appear as defendants. They were at least interested in the land; and especially interested in having no tax title foreclosed against it. Their interests were adverse to the relief sought by the plaintiff, and therefore under § 1678 of the Code, they might be joined as defendants. Section 1684 would also justify this ruling of the court. It was only necessary for them to show that they were interested in the subject matter of the suit. This was sufficiently shown by their purchase of the same land at sheriff's sale.

2. It is claimed that Fish and Dunlap should not have been permitted to defend for another reason. The Code, §.506, will not entitle the owner to defend "unless he has paid or tendered the amount directed, or shows that no tax was levied on the land, or that he had paid the taxes." Their answer expressly averred one of these conditions, and upon that point issue was joined, and the court found according to the averment of the answer. It does not appear at what particular time that defense was shown to the court. That fact may have been shown to the court, before the first answer of Fish and Dunlap was filed. As the record does not show to the contrary, it must be presumed that the court acted in accordance with the Code.

The bill of exceptions does not purport to give all the evidence submitted in the case. If we were to decide the case upon no other evidence than that referred to in the bill of exceptions, and if we could presume that no other testimony was given on the trial, we should decide that the decision was erroneous; for the evidence of record in the case does not show that there was no tax levied upon the land. Still, every legal intendment must favor the proceeding below; and unless the record shows to the contrary, it must be presumed that the court below ruled correctly. *Dunham* v. *Benedict*, 1 G. Greene, 74.

It was decided by this court, in *Napier* v. *Wiseman*, 3 G. Greene, 246, that matters of fact decided by the court

below, will not be disturbed when the bill of exceptions does not purport to give all the evidence.

As the record in this case shows nothing to the contrary, it must be presumed that the court below had proof sufficient to justify the decision.

Judgment affirmed.

*W. Penn Clarke*, for appellant.

*J. E. Neal*, for appellee.